**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-1386

_____

LIVING LANDS, LLC; D.C. CHAPMAN VENTURES, INC.,

        Plaintiffs – Appellants,

v.

HAROLD WARD, in his official capacity as the Cabinet Secretary of the West Virginia Department of Environmental Protection,

        Defendant – Appellee.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:24-cv-00356)

_____

Submitted:  January 12, 2026                    Decided:  March 13, 2026

_____

Before HARRIS and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Michael O. Callaghan, CALLAGHAN LEGAL PLLC, Charleston, West Virginia; Michael C. Donovan, LAW OFFICES OF MICHAEL C. DONOVAN, Mountain View, California, for Appellants.  Isaac R. Forman, Michael B. Hissam, Jonathan Z. Ritchie, Daniel B. Schwaber, HISSAM FORMAN DONOVAN RITCHIE PLLC, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

At issue in this appeal is a second action by two real estate investment firms challenging the State of West Virginia's reclamation activities at a former coal mining site. Among the defendants in the plaintiffs' first action was Harold Ward, sued in his capacity as Cabinet Secretary of the West Virginia Department of Environmental Protection. In that case, the plaintiffs alleged that the Department's reclamation activities were leading to chemical contamination of the site in violation of the Resource Conservation and Recovery Act and implementing state statutes. The district court granted summary judgment to Ward, and this court affirmed. *Living Lands, LLC v. Ward*, 2024 WL 1615011, at *1 (4th Cir. Apr. 15, 2024).

Three months later, the plaintiffs sued Ward again. This time, they alleged that the Department's reclamation activities at the site violated the Clean Water Act ("CWA"), identifying three purported CWA violations in three separate counts of their complaint. Ward moved to dismiss the complaint, arguing that the prior judgment against the plaintiffs had res judicata effect and that the plaintiffs' new claims were barred by the doctrine of claim preclusion. In the alternative, Ward argued that each of the plaintiffs' three counts failed to state a claim for relief under the CWA.[*]

---

[*] Ward also argued that one of the plaintiff investment firms lacked Article III standing because its option to purchase the site in question had expired. We need not consider this argument. The other plaintiff firm, which currently owns the property, clearly has a sufficient stake in this matter to satisfy Article III, and Ward does not suggest otherwise. And in a multi-plaintiff suit, a court has jurisdiction to proceed to the merits so long as one plaintiff has standing. *See Carolina Youth Action Project v. Wilson*, 60 F.4th 770, 778 (4th Cir. 2023).

2

The district court granted Ward's motion. *Living Lands, LLC v. Ward*, 2025 WL 819104, at *1 (S.D. W. Va. Mar. 13, 2025). It agreed with Ward that the plaintiffs' first two claims were barred by claim preclusion principles. *Id.* at *7. And while it found that claim preclusion did not bar the plaintiffs' third claim, it dismissed that claim, too, for failure to state a claim under the CWA. *Id.* at *7–8. The plaintiffs timely appealed.

We review de novo a district court's grant of a motion to dismiss. *Doriety for Est. of Crenshaw v. Sletten*, 109 F.4th 670, 678 (4th Cir. 2024). We have examined the record and the parties' briefs, and we find no reversible error. We agree with the district court that the plaintiffs' first two claims are barred by the final judgment in their initial action, under the doctrine of claim preclusion. And we need not consider whether the third claim is likewise precluded, as Ward argues on appeal, because we agree with the district court that it fails to state a claim on which relief can be granted under the CWA. Accordingly, we affirm the judgment of the district court.

*AFFIRMED*

3